UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICHARD GRAVELY,

      Plaintiff,

v.                              Case No. 2:11-cv-00232

MACY'S and
SCOTT McNEALLY,

      Defendants.

## PROPOSED FINDING AND RECOMMENDATION

The undersigned has reviewed the motion to dismiss (ECF No. 14) filed by defendants Macy's and Scott McNeally ("McNeally").  After careful consideration, the undersigned recommends that the presiding District Judge grant the same.

### Factual and Procedural Background

On May 7, 2010, the plaintiff was visiting Macy's when he came across some Godiva chocolate candy.  Because the candy did not apparently have a listed price, the plaintiff, thinking that the candy was therefore free, ate some of it.  However, McNeally, a loss prevention employer at Macy's, was of a different mind.  Upon witnessing the plaintiff's actions, he detained the plaintiff on suspicion of shoplifting, despite the plaintiff's protestations that the candy did not have a price displayed.  McNeally apparently eventually called the City of Charleston, West Virginia police, who arrested the plaintiff for shoplifting, in violation of Charleston City Code Section 78-101(a).  The plaintiff disagrees about his arrest under this provision, which provides that "[a] person

commits the offense of shoplifting if, with intent to appropriate merchandise without paying the merchant's stated price for the merchandise, such person . . . knowingly removes or causes the removal of merchandise from the mercantile establishment or beyond the last station for payment." The plaintiff felt that it was not possible for him to have committed this offense, inasmuch as, according to him, there was no stated price on the Godiva chocolates. On October 6, 2010, however, the Municipal Court for the City of Charleston ("Municipal Court") found the plaintiff guilty of shoplifting. See ECF No. 26, ex. 8. This guilty verdict was then upheld in an Order dated December 20, 2010, by Kanawha County Circuit Judge Louis Bloom, who had held a de novo trial on November 22, 2010. Id. The plaintiff has an appeal of this conviction currently pending with the Supreme Court of Appeals of West Virginia.

The plaintiff, feeling that he had been wronged, filed a civil lawsuit in the Magistrate Court of Kanawha County, West Virginia ("Magistrate Court"), on July 15, 2010, against Macy's, McNeally, and Ms. Zeena Kalwar, who was also apparently involved in the plaintiff's arrest. See ECF No. 14, ex 2 at 1. The complaint alleged that he had been "wrongfully arrested for shoplifting" due to the actions of those defendants. Id. The plaintiff filed an amended complaint against those defendants on August 23, 2010, wherein the plaintiff alleged that "as a result of [the plaintiff's] wrongful arrest he's sustained mental and emotional damages, suffered embarrassment, humiliation, annoyance, inconvenience, [and] deprivation of liberty." Id. at ex 3 at 2. He further alleged that the actions of McNeally and Kalwar were "wilfill, wanton, intentional, malicious and done with callous and reckless disregard for [the plaintiff's] constitutional rights." Id.

2

On October 21, 2010, the plaintiff then filed a second amended complaint against those defendants in Magistrate Court.  Id. at ex 4.  That filing alleged that, on October 6, 2010, McNeally and Macy's "violated [his] constitutional right to due process by obstructing and perjuring himself [*sic*]" during the plaintiff's shoplifting trial in Municipal Court.  Id.  On January 19, 2011, Kanawha County Magistrate Pete Lopez apparently held a hearing and bench trial in the plaintiff's civil action, and dismissed the case.  See id. at ex. 5.

The plaintiff then appealed this judgment to Kanawha County Circuit Court, where it was assigned to Circuit Judge Carrie Webster.  Judge Webster held a de novo bench trial and hearing on April 7, 2011.  At the hearing, she apparently orally granted the defendants' motion to dismiss, and formally entered judgment in an Order dated May 4, 2011.  Id. at ex. 6.  Judge Webster determined that the plaintiff was alleging a claim of wrongful/malicious prosecution on his shoplifting arrest.  Id. at 2.  Judge Webster then noted that, for a plaintiff to prevail on such a claim, the prosecution must have terminated favorably to the plaintiff.  See Syl. Pt. 8, McCammon v. Oldaker, 205 W. Va 24 (1999).  As Judge Bloom had found the plaintiff guilty of shoplifting, Judge Webster found that the plaintiff was unable to meet this requirement.  Id. at 2-3.  She additionally found that the plaintiff also could not prove that the defendants acted without reasonable or probable cause, a further requirement for a wrongful prosecution claim.  Id. at 3.  Therefore, Judge Webster granted the defendants' motion to dismiss, and dismissed the case with prejudice.  The plaintiff has an appeal of this dismissal currently pending with the Supreme Court of Appeals of West Virginia.

Judge Webster having orally granted the defendants' motion to dismiss on April 7, 2011, on that very day the plaintiff then apparently walked across the street to this Court to commence the instant civil action before that day's close of business.  At 4:48 p.m. on April 7, 2011, the plaintiff filed his application to proceed <u>in forma pauperis</u>, ECF No. 1, and his complaint, ECF No. 2.  The complaint alleged that the defendants in this action—Ms. Kalwar not among them—violated his constitutional right to due process by committing perjury at his shoplifting trial.  <u>Id.</u> at 1.  On April 26, 2011, the undersigned held a status conference in this case.  At the hearing, the Court notified the plaintiff about the requirements of the litigation process, and the plaintiff notified the Court of his intention to file an amended complaint.  That amended complaint was filed the next day, on April 27, 2011.  ECF No. 7.

The plaintiff's amended complaint, in pertinent part, alleges that the defendants willfully, intentionally, and maliciously caused the plaintiff to be "unlawfully arrested" for shoplifting, with the plaintiff stating that the plain language of the municipal shoplifting statute precluded his arrest due to the fact that the candy lacked a stated price.  <u>Id.</u> at 2.  He states that the defendants violated his "Fourth Amendment rights protection against being unlawfully arrested," <u>id.</u>, which caused him "humiliation, embarrassment, mental anguishment, [and] mental stress."  <u>Id.</u>  He requests $10,000 in damages.

On May 19, 2011, the defendants filed the instant motion to dismiss.  ECF No. 14.  The plaintiff responded on May 23, 2011, ECF Nos. 19 and 20.  The defendant replied on May 31, 2011.  ECF No. 22.  The plaintiff then filed a motion for summary judgment,

ECF No. 24, on June 3, 2011, which was subsequently responded and replied to by all parties. The undersigned held a motion hearing in this case on September 28, 2011.

## The Defendants' Motion to Dismiss

The defendants' motion to dismiss was filed on May 19, 2011. It argues that the defendant has failed to state a claim for which relief may be granted inasmuch as it is barred by the doctrine of res judicata, a doctrine which may be asserted in a motion to dismiss. See Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citing Thomas v. Consolidation Coal Co., 380 F.2d 69, 75 (4th Cir. 1967)).

In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court must assume "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). When considering a motion to dismiss, a court "accept[s] as true all well-plead allegations and view[s] the complaint in the light most favorable to the plaintiff." Sec. of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); see also Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143-44 (4th Cir. 1990). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Federal Rule of Civil Procedure 12(d). When entertaining a motion to dismiss on the ground of res judicata, however, a

court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.  Andrews, 201 F.3d at 524 n.1.  See also Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001) (noting "a narrow exception [to Rule 12(d)] for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.  When the complaint relies upon a document, whose authenticity is not challenged, such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss.") (internal quotations and citation omitted); Collins v. Red Roof Inns, Inc., 248 F. Supp.2d 512, 516 (S.D. W. Va. 2003) (Hallanan, J.) ("[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.") (quoting Gasner v. County of Dinwiddie, 162 F.R.D. 280, 281 (E.D. Va. 1995)).

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Andrews, 201 F.3d at 524 (quoting Montana v. United States, 440 U.S. 147, 150 (1979).  In instances where the initial action was brought in state court, federal courts, under the Full Faith and Credit Clause of the Constitution and 28 U.S.C. § 1738,[1] must give a state court judgment the same preclusive effect as would be given the judgment under the law of

---

[1]  In pertinent part, Section 1738 states that "[a]cts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

the state in which the judgment was rendered.  Osborne v. King, 570 F. Supp.2d 839, 845-46 (Copenhaver, J.) (quoting, inter alia, Dionne v. Mayor and City Council of Baltimore, 40 F.3d 677, 682 (4th Cir. 1994) ("The Full Faith and Credit Statute, 28 U.S.C. § 1738, obligates federal courts to apply state preclusion rules to determine whether a prior state court judgment has either issue or claim preclusive effect in a § 1983 action.")).   The application of a preclusion principle such as res judicata is therefore subject to a two-part inquiry:

> First, a federal court must look to state law to determine the preclusive effect of the state court judgment.  If state law would not bar relitigation of an issue or claim decided in the earlier proceeding, then the inquiry ends—a federal court will not give the state court judgment preclusive effect either.  If state law would afford the judgment preclusive effect, however, then a federal court must engage in a second step—it must determine if Congress created an exception to § 1738.  Only if "some exception to § 1738 applie[s]" can a federal court refuse to give a judgment the preclusive effect to which it is entitled under state law.  An exception "will not be recognized unless a later statute contains an express or implied partial repeal" of § 1738.

Osborne, 570 F. Supp.2d at 846 (quoting In re Genesys Data Technologies, Inc., 204 F.3d 124, 128 (4th Cir. 2000)).

As West Virginia law applies, in this instance the plaintiff's lawsuit will be barred by res judicata when three elements have been satisfied: (1) there was a prior final adjudication on the merits; (2) the two actions involve either the same parties or persons in privity with those parties; and (3) the cause of action identified for resolution in the subsequent proceedings either is identical to the cause of action in the first proceeding or is such that it could have been resolved in the prior action, had it been presented.  Syl. pt. 2, Slider v. State Farm Mut. Auto. Ins. Co., 210 W. Va. 476 (2001).

The defendants argue that all the requirements for <u>res judicata</u> are met in this case.

In the underlying action, both Magistrate Lopez and Judge Webster conducted hearings/bench trials on the allegations in the Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint. Plaintiff presented arguments, evidence and testimony at both proceedings, and both the Magistrate Court and the Circuit Court issued orders addressing the merits of the case. This is particularly evident in Judge Webster's Order given the specific findings and rulings made by the Court, as noted above. <u>See</u> [ECF No. 14, ex 6]. Further, even though Judge Webster's Order is one granting the Defendants' Rule 12(b)(6) Motion to Dismiss for failure to state a claim, it is still considered a judgment on the merits. "A judgment dismissing an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and without reservation of any issue, shall be [p]resumed to be on the merits, [u]nless contrary appears in the order, and the judgment shall have the same effect of [res judicata] as though rendered after trial in a subsequent action on the same claim." <u>Sprouse v. Clay Comm., Inc.</u>, 211 S.E.2d 674, 696 (W. Va. 1975). As the Court can see, there are no reservations in Judge Webster's Order nor is there anything to suggest that the ruling was made on anything but the merits of the Plaintiff's case.

Further, as the May 7, 2010, incident, which is the subject of the Plaintiff's causes of action, occurred in Charleston, Kanawha County, West Virginia, both the Magistrate Court and the Circuit Court of Kanawha County had jurisdiction to address the underlying action. Therefore, the first prong has been met.

Second, both the state and federal causes of action involve the same parties. Therefore, the second prong has also been met.

Third, the cause of action presented in the instant proceeding is the same as the cause of action presented in state court. In the instant case, Plaintiff alleges that on May 7, 2010, Scott McNealy, a loss prevention officer for Macy's located in Charleston, Kanawha County, West Virginia, detained Plaintiff for alleged shoplifting of Macy's merchandise. <u>See</u> <u>Amended Complaint</u>, page 1. "The Defendant in bad faith called the Charleston City police and caused the Defendant to be unlawfully arrested." <u>See Amended Complaint</u>, page 2. In the state court action, Plaintiff alleges he was "wrongfully arrested for shoplifting." <u>See</u> [ECF No. 14, ex 2]. While Plaintiff alleged more detail regarding the incident in the instant action, Plaintiff is still alleging the same cause of action, namely that Macy's and Mr. McNealy did not have probable cause to call the Charleston City Police to have Plaintiff arrested and prosecuted for shoplifting on May 7, 2010. Therefore, the third prong has been met. Therefore, the State of West Virginia would afford the judgments rendered

by Magistrate Lopez and Judge Webster a preclusive effect on all subsequent litigation.

Regarding the second part of the inquiry identified in <u>Osborne</u>, there is no indication that an exception to the Full Faith and Credit Statute exists in this case. Therefore, this Court must give the state court judgment a preclusive effect. Therefore, Plaintiffs claims in the instant action are barred by res judicata.

ECF No. 15 at 5-7.

The plaintiff disagrees with these arguments in his responses. He claims that the defendants fraudulently assert that Magistrate Lopez addressed the merits of his claim. ECF 19 at 1. He also argues that the defendants

[allege] Judge Webster's Order was granted on Defendants' Rule 12(b)(6) Motions to dismiss for failure to state a claim. "Judge Webster's Order is also "VOID" of such a claim because Counsel has never made this claim." Judge Webster dismissed Plaintiff's complaint because Plaintiff could not prove the City of Charleston maliciously prosecuted him. "What's so shocking is the City of Charleston "was not" a party in the matter before the Court."

<u>Id.</u> at 1-2 (<u>sic</u> throughout) (emphasis in original). He concludes that because he has "clearly demonstrated an 'undisputable valid claim'" that he did not violate the City of Charleston's shoplifting statute, he has stated a valid claim for which relief may be granted. <u>Id.</u> at 2. In the plaintiff's amended response, he further asserts that because his request for damages in this case is greater than the amount he requested in state court, <u>res judicata</u> is not applicable. ECF No. 20 at 1.

The defendants disagree in their reply. They state that the Order from Magistrate Lopez shows that a hearing was conducted on January 19, 2011, and that the plaintiff's claims were dismissed. They argue that the plaintiff is incorrect is claiming that Judge Webster's Order is void. Further, they argue that

9

it appears that Plaintiff does not understand Judge Webster's Order. The Defendants have never argued that a claim was filed against the City of Charleston by the Plaintiff, nor does Judge Webster's Order dismiss or even address any alleged claim against the City of Charleston. Rather, Judge Webster's Order addresses the merits of the claims asserted against Macy's, Scott McNealy, and Zeena Kalwar by the Plaintiff in state court and dismisses those claims, as the Plaintiff was unable to prevail on the claims he asserted against Macy's, Scott McNealy, and Zeena Kalwar under any set of facts presented.

ECF No. 22 at 2.  The defendants also point out that the merits of the plaintiff's defense to his shoplifting conviction is not the issue before the Court in the instant motion, and they argue that the additional money sought by the plaintiff in this case does not preclude application of the res judicata doctrine.

All of the requirements for the application of res judicata are present in the instant case.  First, the plaintiff's earlier case was adjudicated on the merits by a court with proper jurisdiction.  Magistrate Lopez dismissed the case after having held a bench trial, see Judge Webster's Order, ECF No. 14, ex. 6 at 1, and Judge Webster herself held an appeal hearing wherein the plaintiff testified.  See id.  Judge Webster's own Order was based on a consideration of the facts and the law, and clearly constitutes a disposition on the merits.  The second requirement for res judicata is also satisfied since both the state and federal civil actions involve the same parties.

The final requirement for res judicata under West Virginia law is that "the cause of action identified for resolution in the subsequent proceedings either is identical to the cause of action in the first proceeding or is such that it could have been resolved in the prior action, had it been presented."  Slider, supra.  That requirement is also met.

In state court, the plaintiff's complaint alleged that he had been "wrongfully arrested for shoplifting" due to the actions of the defendants.  ECF No. 14, ex 2 at 1.  His

10

amended complaint alleged that "as a result of [the plaintiff's] wrongful arrest he's sustained mental and emotional damages, suffered embarrassment, humiliation, annoyance, inconvenience, [and] deprivation of liberty," id. at ex 3 at 2, and that the actions of McNeally and Kalwar were "wilfill, wanton, intentional, malicious and done with callous and reckless disregard for [the plaintiff's] constitutional rights." Id. His second amended complaint further alleged that, on October 6, 2010, McNeally and Macy's "violated [his] constitutional right to due process by obstructing and perjuring himself [sic]" during the plaintiff's October, 6, 2010, trial in Municipal Court. Id. at ex 4.

In the instant civil action, the plaintiff's complaint alleged that the defendants in this action violated his constitutional right to due process by committing perjury at his shoplifting trial. ECF No. 2 at 1. In his amended complaint, the plaintiff alleges that the defendants willfully, intentionally, and maliciously caused the plaintiff to be "unlawfully arrested" for shoplifting. ECF No. 7 at 2. He claims that the defendants violated his "Fourth Amendment rights protection against being unlawfully arrested," [*sic*] id., which caused him "humiliation, embarrassment, mental anguishment, [and] mental stress." Id.

All of the plaintiff's assorted complaints assert the same claims: that the plaintiff was unlawfully arrested and had his constitutional rights violated by the defendants.

Finally, as the defendants note, there is no indication that an exception to the Full Faith and Credit Statute exists in this case. The earlier judgment from state court accordingly has preclusive effect under the requirements of res judicata.

11

Therefore, the undersigned proposes that the presiding District Judge **FIND** that this case should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure, pursuant to the doctrine of <u>res judicata</u>, to state a claim for which relief may be granted.

## <u>Other Rule 12 Issues</u>

There are other flaws in the plaintiff's case that prevent it from going forward. He has failed to state a claim for which relief may be granted on an additional ground or, in the alternative, this court lacks the necessary subject matter jurisdiction.

Claims of constitutional and civil rights violations are brought under 42 U.S.C. § 1983; federal courts receive jurisdiction over such cases from 28 § U.S.C. 1331. Section 1983 provides, in pertinent part that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable[.]

Accordingly, by its terms, Section 1983 generally only applies to state actors. <u>See Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980) (a claim for relief under Section 1983 may be made only against persons who acted under color of state law). However, a private party who conspires with a state actor to violate a person's civil or constitutional rights may be subject to liability under Section 1983 if the plaintiff can show that "(1) a state official and private individual reached an understanding to deprive the plaintiff of his constitutional rights, and (2) the individual was a willful participant in joint activity with the State or its agents." <u>Hassami v. Corporation of Ranson</u>, 170 F. Supp.2d 626, 634

(N.D. W. Va. 2001).  However, "mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under § 1983."  Id.

The defendants in this case are not state actors.  Moreover, the plaintiff has not alleged any facts, let alone facts with sufficient specificity, that the defendants conspired with the Charleston Police Department to violate his rights.  Therefore, the plaintiff has failed to state a claim under Section 1983 for which relief may be granted.

Giving the plaintiff the benefit of the doubt because he is proceeding pro se, the undersigned, assuming arguendo that res judicata is not applicable, alternatively construes his complaint as a tort claim for malicious prosecution brought under West Virginia law.  However, federal courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress.  Bender v. Williamsport Area School District, 475 U.S. 534, 541, (1986).  Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Even when construing the plaintiff's claim as one brought under West Virginia tort law, the plaintiff cannot find jurisdiction in Section 1332.  The amount of damages he seeks—$10,000—is far below the statute's requirement of $75,000.  Moreover, because McNeally is a West Virginia resident, like the plaintiff, diversity of citizenship is also lacking.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that this case should also be dismissed with prejudice under Federal Rule of Civil Procedure

12(b)(1) due to a lack of subject matter jurisdiction, or, if construing his claim purely as a Section 1983 action, under Rule 12(b)(6) for failure to state a claim for which relief may be granted.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that the defendants' motion to dismiss (ECF No. 14) be **GRANTED**, the plaintiff's motion for summary judgment (ECF No. 24) be **DENIED** as **MOOT**, and that this civil action be **DISMISSED** with **PREJUDICE** and stricken from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>,

727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy to the plaintiff, and transmit it to counsel of record.

ENTER: October 24, 2011

Mary E. Stanley
United States Magistrate Judge

15